(103 So. 306)
## McSPADDEN v. STATE. (7 Div. 30.)

(Court of Appeals of Alabama. March 17, 1925.)

Husband and wife ⊜⟶304—Facts held insufficient to sustain conviction for nonsupport.

Where defendant, though absent from his wife and children, was confined in hospital for treatment for war injuries, he conducted almost daily correspondence with his wife and family, and expressed determination to provide for them as best he could, and did contribute all of his means and provide for them through friends, and the American Legion, he was not guilty of nonsupport.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Roy McSpadden was convicted for nonsupport of wife and children, and he appeals. Reversed and remanded.

C. A. Wolfes, of Ft. Payne, for appellant.
Harwell G. Davis, Atty. Gen., for the State.

BRICKEN, P. J. A careful consideration of all the evidence in this case convinces us that the judgment of conviction rendered against this appellant is erroneous and cannot be permitted to stand. All the evidence, including that of the state, discloses that during the whole time this appellant was absent from his wife and children he was confined in a hospital for treatment of injuries suffered by him during the recent World's War, and that he went to said hospital with the knowledge and consent of his wife, the prosecutrix. While there confined, he conducted an active, in fact, almost daily correspondence with his wife and family. That he returned from the hospital on a certain Sunday night, and upon the next day, Monday, he was arrested upon this charge. These undisputed facts refute conclusively the insistence that he had deserted his wife.

The conduct of accused in this connection cannot be said to constitute desertion in contemplation of law. The undisputed evidence in this case also refutes conclusively that he willfully neglected or refused to provide for the support and maintenance of his wife, or that he without lawful excuse deserted or willfully neglected or refused to provide for the support and maintenance of his children. To the contrary, in practically every letter he wrote to his family from the hospital, he gave expression of his love and affection for his wife and children, and in terms of endearment expressed the greatest anxiety for their welfare. He provided for them to the best of his ability by contributing all of his own means, and through his own family, his friends, and through the American Legion, of which he was a member. It is not for us to hold that "there was too much mother-in-law" in this case as insisted by counsel for appellant in brief.

But certain it is that the whole atmosphere appeared to have undergone a marked change as to the relations existing in this family after the mother-in-law had written a certain letter to the hospital authorities concerning this defendant. In none of the letters written by this appellant to his wife, until the mother-in-law appeared on the scene, does it appear that he entertained anything except love and affection for his wife and children and his anxiety for their support and welfare. In all of his utterances and actions, as disclosed by the testimony he manifested, not only a willingness, but the determination, to provide for his family as best he could.

From what has been said the several contentions made here in behalf of appellant, by counsel, need not be discussed. These insistences present the questions of jurisdiction, procedure, improper taxation of cost, and other matters. There appears merit in some of these insistences, but, as stated, we hold that the judgment rendered, under the undisputed oral and documentary evidence, was erroneous, and therefore under the terms of the statute a judgment will here be rendered reversing the judgment appealed from, and discharge the defendant from further custody in this proceeding. Acts 1915, p. 939, § 3.

Reversed and rendered.